**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 26-cv-27456-DSL**

**FRANCISCO JAVIER UZCATEGUI ALVAREZ,**

**Petitioner,**

**v.**

**WARDEN, KROME NORTH SERVICE PROCESSING CENTER, *et al.*,**

**Respondents.**
_______________________________________/

**RESPONDENTS' SUPPLEMENTAL RESPONSE TO ORDER TO SHOW CAUSE**

Respondents, by and through the undersigned Assistant United States Attorney, hereby file a supplemental response to the Court's Order to Show Cause to address the Fourth Amendment issue in the petition for writ of habeas corpus.[1]

**BACKGROUND STATEMENT**

In Respondents' response to the Order to Show Cause (DE 5), Respondents argued that the Petition should be denied because Petitioner is an "arriving alien" subject to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2)(A). This supplemental response seeks to address the Fourth Amendment argument raised in the Petition.

The Petitioner, Francisco Uzcategui Alvarez (Petitioner), is a native and citizen of Venezuela who entered the United States on February 10, 2023, pursuant to the Venezuelan Humanitarian Parole Program for a period not to exceed February 8, 2025. On October 15, 2026,

---

[1] This issue was not addressed in the Respondents' response to the Petition for Writ of Habeas Corpus and Respondents do not believe it is dispositive, or that it bears on the decision whether to grant the Petition.

Petitioner was encountered by ICE officials, who determined that Petitioner was inadmissible and took him into ICE custody. On the same day, Petitioner was served with a Warrant for Arrest and Notice of Custody Determination.

On the issue of the Fourth Amendment, Petitioner contends that ICE agents stopped his vehicle based on a license-plate query that allowed ICE agents to know the immigration status of the registered owner of the vehicle as a non-U.S. citizen. Petition (DE 1) at 5. Exhibit A to Respondents' response to the petition (Form I-213), sets forth the factual background to Petitioner's initial stop. It provides that Petitioner's vehicle was stopped after the license plate on his car indicated it was registered to a non-immigrant from Venezuela. Furthermore, database checks indicated that Petitioner did not "possess valid immigration status." *Id.* During the encounter, Petitioner "admitted he had no lawful status to remain in the United States." *Id.*

**ARGUMENT**

Petitioner argues that ICE agents' determination during a vehicle stop that the owner of the vehicle was a non-citizen lacked specific, articulable facts establishing reasonable suspicion of an immigration violation, and was therefore insufficient to justify an investigatory vehicle stop under the Fourth Amendment. *Id.* A challenge to the lawfulness of an arrest is not appropriate in a habeas proceeding and should not have a bearing on the decision whether the Petitioner's ongoing detention is lawful, or whether it warrants his immediate release from custody.

An alleged unlawful arrest does not invalidate a subsequent detention that is otherwise authorized. *See Arias v. Rogers*, 676 F.2d 1139, 1143 (7th Cir. 1982) ("In the criminal law, if there is probable cause to hold an accused he cannot gain his freedom by showing that the arrest was illegal, although he may be able to suppress at his trial evidence seized as an incident to his arrest. This court has applied the same principle, distinguishing illegal arrest from illegal detention, in

deportation cases."); *see also I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984) ("The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred."); *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) ("A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment.") (quotation marks omitted).

In other words, Petitioner's petition for writ of habeas corpus does not require the Court to decide a Fourth Amendment issue, but to decide whether the Petitioner is being lawfully detained today, regardless of the lawfulness of his initial arrest.[2] Respondents believe the answer to this question is yes, that the Petitioner is being lawfully detained under the statutory authority of 8 U.S.C. § 1225(b)(2)(A), which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that the alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a."

In addition, ICE followed its agency procedures for Petitioner's arrest and custody determination. *See* 8 U.S.C. § 1357(a)(2) (authorizing any immigration officer to arrest any alien in his presence "if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest . . . ."). Section 8 CFR § 287.3 governs the disposition of cases of aliens arrested without warrant, and provides, in pertinent part:

---

[2] Respondents do not concede that Petitioner's arrest was unlawful.

> (d) Custody procedures. Unless voluntary departure has been granted pursuant to subpart C of 8 CFR part 240, a determination will be made within 48 hours of the arrest, except in the event of an emergency or other extraordinary circumstance in which case a determination will be made within an additional reasonable period of time, whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest as prescribed in 8 CFR parts 236 and 239 will be issued.

In this case, the arrest warrant was issued the same day as the arrest. *See* Exh. D to Respondents' Response (Arrest Warrant).

## CONCLUSION

For the reasons set forth above and in the Respondents' response to the Petition, Respondents respectfully request that the Court deny the Petition for Writ of Habeas Corpus.

Respectfully submitted,

**YARA LORENZO KLUKAS**
**ACTING UNITED STATES ATTORNEY**

BY: *s/Aimee Jimenez*
AIMEE C. JIMENEZ
Court No. A5500795
Assistant United States Attorney
99 N.E. 4th Street, 6th Floor
Miami, Florida 33132
Tel: (305) 961-9028
Email: Aimee.Jimenez@usdoj.gov